UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                   :

AMERICAN AUTOMOBILE INSURANCE  :
COMPANY,                               :

                            Plaintiff,     :          13-CV-3391 (VEC)

                               :

           -against-         :        MEMORANDUM

                               :      OPINION & ORDER

HALLAK CLEANERS,                :

                      Defendant.  :

                               :

-------------------------------------------------------- X
                                     :

HALLAK & SONS, INC. d/b/a HALLAK  :
CLEANERS,                              :

                Third-Party Plaintiff,  :

                               :

           -against-         :

                               :

480 PARK AVENUE CORP.,        :

                               :

                Third-Party Defendant.:

                               :

-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/2015

**VALERIE CAPRONI, District Judge:**

      Plaintiff American Automobile Insurance Company ("AAIC")[1] brings this subrogation

action against Defendant Hallak & Sons, Inc., d/b/a Hallak Cleaners ("Hallak"), arising out of

claims for damaged clothing filed by AAIC's insured, Iris Apfel, a non-party to this litigation.  In

its Complaint, AAIC alleges that Hallak's negligence in treating Apfel's clothing caused AAIC

to pay $170,000 in order to settle Apfel's claims against AAIC.  Hallak, as Third-Party Plaintiff,

in turn brought claims against Third-Party Defendant 480 Park Avenue Corporation ("480

Park"), arguing that 480 Park was responsible for the water leak that damaged Apfel's clothing,

---

[1]     AAIC is a subsidiary of Fireman's Fund Insurance Company.  The Court notes that all references to
Fireman's Fund Insurance Company in the record refer to the Plaintiff, AAIC.  *See* Hallak's Statement of Material
Facts Pursuant to Local Rule 56.1 at 2 n1.

and that if Hallak is liable to AAIC, 480 Park is liable for contribution to Hallak. Hallak has moved for summary judgment arguing that AAIC's Complaint is barred by the applicable statute of limitations.[2] 480 Park has also moved for summary judgment against Hallak. For the reasons discussed below, Hallak's Motion for Summary Judgment is GRANTED, and 480 Park's Motion is DENIED as moot.

## BACKGROUND

This action arises out of a water leak in a cooperative, residential apartment building located at 480 Park Avenue, New York, New York. 480 Park's Rule 56.1 Statement ("480 Park's 56.1 Stmt.") ¶¶ 1-2, 5-19. Apfel, a resident of 480 Park, owned a storage room on the second floor where she kept a substantial supply of high-end clothing and accessories. *Id.* ¶¶ 2, 4; Compl. ¶ 7. On or about September 23, 2009, the building's maintenance staff discovered that water had entered her storage unit. *Id.* ¶ 19. As a result of the leak, some of Apfel's clothing was damaged. Compl. ¶ 7; Rossman Decl., Ex. G, Transcript of Deposition of Iris Apfel dated May 28, 2015 ("Apfel Dep.") at 29:16-33:19.

Apfel promptly filed a claim with her insurer, AAIC. Hallak's Statement of Material Facts Pursuant to Local Rule 56.1 ("Hallak's 56.1 Stmt.") ¶¶ 5-6 (citing Rossman Decl., Ex. E, Transcript of Deposition of Frank Lenzi dated March 17, 2014 ("Lenzi Dep.") at 27:19-25). About a month later, Apfel brought her damaged garments to Hallak to be dry cleaned and treated for odor and water damage. Hallak's 56.1 Stmt. ¶¶ 10-11 (citing Rossman Decl., Ex. F, Transcript of Deposition of Joseph Hallak dated June 5, 2014 at 44:22-25, 45:17-22, 58:15-59:6). After designating certain items as "unsalvageable," Hallak treated approximately 1,135 items, ultimately completing the job on December 11, 2009. Compl. ¶ 11; Hallak's 56.1 Stmt. ¶¶ 12-

---

[2]     Hallak also argues that AAIC's claim should be dismissed based on spoliation of evidence and that AAIC failed to produce any evidence that Hallak caused the purported damage to Apfel's clothing.

13, 17 (citing Rossman Decl., Ex. I, Invoice for Unsalvageable Items of Clothing; Ex. J, Hallak Invoice for 1,135 Items of Clothing).

Although Hallak finished its work in December 2009, Apfel did not promptly receive delivery of her clothing because she did not have a storage room available and she was travelling.  Apfel Dep. at 58:2-21.  Hallak stored the clothes until Apfel retrieved them approximately five months later.  *Id.* at 58:11-15.

On May 18, 2010, Apfel retrieved her clothes from Hallak and signed a release stating that she was satisfied with Hallak's dry cleaning and restoration services and directing AAIC to pay Hallak for its services.  Hallak's 56.1 Stmt. ¶ 18 (citing Rossman Decl., Ex. K, Release dated May 18, 2010; Lenzi Dep. at 49:2-13.).  Apfel testified that, at the time she signed the release, she noted that "there were a few things that [she] had looked at that were not to [her] satisfaction."  Apfel Dep. at 59:9-10.  On June 22, 2010, AAIC paid Hallak $98,932.57 for its cleaning services.  Hallak's 56.1 Stmt. ¶ 21 (citing Rossman Decl., Ex. J, Hallak Invoice).  Over the following months, Apfel returned several of her garments to Hallak to be re-treated or re-cleaned.  Apfel Dep. at 64:13-65:8.

On or around July 15, 2010, Apfel's insurance broker notified AAIC of a supplemental claim with respect to approximately 310 items of clothing that were allegedly damaged by Hallak.  Hallak's 56.1 Stmt. ¶¶ 22-23 (citing Lenzi Dep. at 57:22-58:12, 59:6-19, 64:23-65:7).[3] On September 13, 2011, AAIC denied Apfel's supplemental claim.  Hallak's 56.1 Stmt. ¶ 28 (citing Lenzi Dep. at 69:22-25, 77:12-14; Rossman Decl., Ex. N, Letter from AAIC to Apfel, dated September 13, 2011).

---

[3]     The supplemental claim led AAIC to retain a dry cleaning consultant, who opined that "with the possible exception of 5 garments, none of these garments sustained damage that is the result of the water damage incurred in this loss," and that many of the garments had been damaged as a result of "environmental conditions over time."  Hallak's 56.1 Stmt. ¶ 25 (citing Rossman Decl., Ex. M, Report of Andrew Rivkin dated August 12, 2011 at 1).

On January 24, 2012, Apfel executed a Sworn Statement in Proof of Loss, claiming $400,000 in damages, Hallak's 56.1 Stmt. ¶ 30 (citing Rossman Decl., Ex. O, Sworn Proof of Loss dated January 4, 2012; *see also* Lenzi Dep. at 60:24-61:2, 76:11-77-23), and on December 5, 2012, Apfel sued AAIC claiming that AAIC had breached its insurance agreement by failing to cover her supplemental damages.  Hallak's 56.1 Stmt. ¶ 33 (citing Rossman Decl., Ex. A, Apfel Complaint).  AAIC ultimately settled Apfel's claims for $170,000.  Hallak's 56.1 Stmt. ¶ 36 (citing Compl. ¶ 25).

On May 20, 2013, AAIC filed the instant subrogation action based on Hallak's alleged negligence, seeking reimbursement for the $170,000 settlement plus "all damages, costs, expenses and attorneys' fees in connection with [AAIC's] defense of Apfel's Complaint." Compl. ¶ 25.  Hallak has moved for summary judgment.

## DISCUSSION

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "A material fact is one that would 'affect the outcome of the suit under the governing law,' and a dispute about a genuine issue of material fact occurs if the evidence is such that 'a reasonable [factfinder] could return a verdict for the nonmoving party.'"  *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Thus, "'[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'"  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation marks omitted)).

4

The moving party bears the burden of showing that it is entitled to summary judgment, *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2004) (citing *Castro v. United States*, 34 F.3d 106, 112 (2d Cir. 1994)), and courts must therefore "construe the evidence in the light most favorable to the non-moving party and . . . draw all reasonable inferences in [the non-movant's] favor." *Huminski*, 396 F.3d at 69 (citing *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 166 (2d Cir. 2003)).  To overcome a motion for summary judgment, however, the non-movant may not rely on conclusory allegations or speculation, but instead must set forth affirmative evidence on which a reasonable fact-finder could decide in its favor.  *Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 400 (S.D.N.Y. 2012) (citing *Anderson*, 477 U.S. at 256–57); *see also Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995) ("mere conclusory allegations or denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." (internal quotations and citation omitted)).

## I.     AAIC's Complaint Was Untimely Under the Applicable Statue of Limitations

AAIC brought this case based on the subrogation provision in Apfel's insurance policy. Compl. ¶ 22.  As a subrogee, AAIC stands in Apfel's shoes and is entitled to plead any claims that she may have asserted, while also being subject to any defenses that may have been asserted against her.  *See Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*, 136 F. Supp. 2d 253, 255 (S.D.N.Y. 2001) ("Under New York law, "[i]t is the very essence of subrogation that a subrogee stands in the shoes of the subrogor and is entitled to all of the latter's rights, benefits and remedies." (internal quotations and citations omitted)).  Both AAIC and Hallak agree that New York's statute of limitations for property damage arising from negligence is three years from the date of loss.  N.Y. C.P.L.R. § 214(4); Hallak Mot. at 3; AAIC Opp. at 3.  The parties also agree

that a cause of action for property damage accrues from the date of injury.  Hallak Mot. at 3 ("It is well-settled that the cause of action accrues on the date the injury occurred." (citing cases)); AAIC Opp. at 3 (citing N.Y. C.P.L.R. § 214).

The parties disagree, however, as to the "date of injury" for statute of limitations purposes.  Hallak argues that the latest possible date of injury is December 11, 2009, when Hallak completed its initial treatment of Apfel's clothing.  Hallak Mot. at 3-4.  If that is the date of injury, AAIC's Complaint, which was filed on May 20, 2013 — five months after the statute of limitations expired — must be dismissed as untimely.  In contrast, AAIC argues that a cause of action cannot accrue until "all [the] elements of the tort can be truthfully alleged in a complaint," AAIC Opp. at 3 (citing *Cohen v. Stephen Wise Free Synagogue*, No. 95 CIV. 1659 (PKL), 1998 WL 799162, at *1 (S.D.N.Y. Nov. 13, 1998)), and that fixing the date of injury "depends on a nice balancing of policy considerations."  AAIC Opp. at 3 (citing *Piper v. Int'l Bus. Machines Corp.*, 639 N.Y.S.2d 623, 623 (4th Dep't 1996).  On that basis, AAIC argues that the earliest date on which Apfel could have "truthfully alleged" the elements of her claim was on May 18, 2010, when she retrieved her garments from Hallak and had a chance to inspect them, thus making AAIC's May 20, 2013 filing timely.[4]

AAIC's argument rests on a fundamental misapplication of the law.  The general rule in New York is that the date of injury is the date on which the harm was inflicted, or here, the date on which Apfel's clothes were damaged by Hallak.  *See, e.g.*, *Brooklyn Union Gas Co. v. Hunter Turbo Corp.*, 660 N.Y.S.2d 877, 878 (2d Dep't 1997) (citing cases).  AAIC argues that Hallak's work was not "complete" in December 2009, because Hallak re-treated some of the clothes after

---

[4]    If May 18, 2010 is the date of injury, given a three year statute of limitations, AAIC's Complaint should have been filed by May 18, 2013.  Because May 18, 2013 fell on a Saturday, AAIC argues that its time to file was extended to the following Monday, May 20, 2013, pursuant to Rule 6 of the Federal Rules of Civil Procedure.  AAIC's Opp. at 4 n.1.

Apfel returned them for further cleaning in the spring and summer of 2010, and that some of the damages may have been caused by Hallak improperly storing the items from December (when they were ready) until May (when Ms. Apfel accepted delivery).  AAIC Opp. at 3-4.  It is undisputed, however, that at least some of the garments at issue were allegedly damaged prior to December 11, 2009, when Hallak completed the initial job, and AAIC has pointed to no evidence indicating that any of the subject garments were actually damaged by Hallak *after* December 11, 2009.  In her deposition, Apfel stated that when she signed the release on May 18, 2010, there were several items that "were not to [her] satisfaction," Apfel Dep. at 59:9-10, and that shortly after she came to retrieve the clothes, she noticed that some of them were damaged beyond repair.  *Id.* at 70:2-10.  In the absence of any evidence — as opposed to speculation — suggesting that the damages underlying AAIC's claim were caused by Hallak's storage or re-cleaning of Apfel's clothing after December 2009, the Court finds that the operative date of injury is December 11, 2009.

AAIC's argument that its negligence claim should accrue from Apfel's discovery of the injury, rather than the injury itself, is not supported under New York law.  *See Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (N.Y. 1993) (a tort action accrues when the injury is sustained, not at the time of defendant's wrongful action or plaintiff's discovery (citations omitted)); *Witt v. Merrill*, 19 A.D.3d 998, 999 (4th Dep't 2005) (cause of action "accrued when defendant completed his work . . . not . . . when plaintiff discovered the damage" (citations omitted)); *Le Vine v. Isoserve, Inc.*, 334 N.Y.S.2d 796, 799 (N.Y. Sup. Ct. 1972) ("[A] plaintiff's failure to discover the injury is immaterial to the accrual date.").  In certain types of cases, such as those

involving toxic and medical torts, the statute of limitations is extended based on the plaintiff's discovery of the injury, but those circumstances are not applicable here.[5]

To the extent Plaintiff argues, however implicitly, that the Court should employ some type of equitable tolling or equitable estoppel, *see* AAIC Opp. at 3, no such equitable relief is warranted.  New York courts apply the terms "equitable tolling" and "equitable estoppel" interchangeably when "a defendant's fraudulent concealment prevents a plaintiff from timely filing a suit in negligence."  *Coleman & Co. Sec. v. Giaquinto Family Trust*, 236 F. Supp. 2d 288, 299 (S.D.N.Y. 2002) (citations omitted).  The record demonstrates that Apfel was able to inspect and retrieve her garments after Hallak finished treating them on December 11, 2009, but that she delayed doing so because she was travelling and the storage room where she wanted to keep the clothes was not ready.  While an inspection in December may have been inconvenient for Ms. Apfel, neither her travel schedule nor her lack of storage space actually prevented her from inspecting the clothes.  Moreover, both of those factors were in her control rather than Hallak's.[6]  Any argument based on equitable tolling or equitable estoppel fails because there are no facts suggesting that Hallak fraudulently concealed the alleged damage from Apfel, and Apfel cannot show that she acted diligently to learn the facts underlying her negligence claim.  *See*

---

[5]       *See, e.g., Jensen v. Gen. Elec. Co.*, 82 N.Y.2d 77, 84-87 (N.Y. 1993) (discussing the "discovery rule" statute of limitations applicable to toxic torts under N.Y. C.P.L.R. 214-c); *Ruffing ex rel. Calton v. Union Carbide Corp.*, 746 N.Y.S.2d 798, 806 (N.Y. Sup. Ct. 2002), *aff'd sub nom. Ruffing v. Union Carbide Corp.*, 766 N.Y.S.2d 439 (1st Dep't 2003) (application of state toxic tort statute of limitations to certain actions based on exposure to hazardous substances is preempted by Superfund Amendments and Reauthorization Act of 1986); *Flanagan v. Mount Eden Gen. Hosp.*, 24 N.Y.2d 427, 431 (N.Y. 1969) ("[W]here a foreign object has negligently been left in the patient's body, the Statute of Limitations will not begin to run until the patient could have reasonably discovered the malpractice."); *Piper*, 639 N.Y.S.2d at 623 (4th Dep't 1996) (statute of limitations for repetitive stress injury claim "is measured from the date on which each of plaintiff's alleged injuries manifested itself.").

[6]       Even after collecting the clothes, Apfel took a "long time" to inspect them.  *See* Apfel Dep. at 74:25-75:4 ("Well, it took a very long time because you couldn't do it very quickly.  We didn't have the area to work it and I had to wait to get people.").  Under AAIC's view of the law, a plaintiff could prolong the statute of limitations indefinitely and unilaterally at his or her own convenience, a rule which would inevitably prejudice defendants and frustrate the policy goals underlying such statutes.

*Coleman & Co. Sec.*, 236 F. Supp. 2d at 299 ("Equitable tolling will stay the running of the statute of limitations only so long as the plaintiff has exercised reasonable care and diligence in seeking to learn the facts which would disclose fraud." (citing *Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 350 (2d Cir. 1993))); *see also Shared Commc'ns Servs. of ESR, Inc. v. Goldman, Sachs & Co.*, 832 N.Y.S.2d 32, 33-34 (1st Dep't 2007) (equitable tolling not applicable where plaintiff failed to show that it was "actively misled" by defendant, or that it "in some extraordinary way had been prevented from complying with the limitations period." (citations omitted)).

Because the Court finds that AAIC's property damage claim accrued on December 11, 2009, when Hallak initially finished treating Apfel's clothes, AAIC's negligence claim is barred by the applicable statute of limitations.  Hallak's Motion for Summary Judgment is therefore GRANTED.  Having dismissed AAIC's claims on statute of limitations grounds, the Court need not address Hallak's alternative arguments.

## II.     480 Park's Motion for Summary Judgment is Moot

Because the Court finds that AAIC's negligence action against Hallak is time-barred, Hallak's claims for indemnification and contribution against 480 Park are DISMISSED, and 480 Park's Motion for Summary Judgment is DENIED as moot.

## CONCLUSION

For the foregoing reasons, Hallak's Motion for Summary Judgment is GRANTED, and 480 Park's Motion for Summary Judgment is DENIED as moot.  The Clerk of Court is respectfully requested to terminate all open motions and close the case.

**SO ORDERED.**

Date:  **July 22, 2015**
       **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**